# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:19-CR-00184-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KORRYON CARTER (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 23) filed by Defendant, Korryon Carter, who contends that his attorney was ineffective.

## STATEMENT OF THE CASE

On February 16, 2011, Defendant Carter pleaded guilty to one count of possession with intent to distribute crack cocaine, and one count of carrying a firearm during and in relation to a drug trafficking crime.[1] Carter was sentenced to 60 months' imprisonment on the drug charge, and 60 months' imprisonment on the firearm charge to be served consecutively followed by a total of 6 years' supervised release. In that same proceeding, the district court revoked Carter's supervised release on a 2007 federal conviction for possession of a firearm by a felon; he was sentenced to 24 months' imprisonment to run concurrently with the previous sentence.[2]

---

[1] Docs. 48-49 of Docket No. 2:10-cr-225.
[2] SEALED Pre-Sentence Investigation Report, ¶ 32 Doc. 16, Docket No. 2:19-cr-184.

On October 27, 2015, Carter's 60-month term of imprisonment on the drug charge was reduced to 48 months pursuant to 18 U.S.C. § 3582(c)(2); all other aspects of his sentence remained unchanged.[3]

On November 9, 2017, Defendant, Carter was released from custody and began his term of supervised release. On July 1, 2018, Carter was arrested by the Calcasieu Parish Sheriff's Office for armed robbery, illegal possession and carrying of a firearm by a convicted felon, and illegal possession of a stolen firearm.[4] On July 3, 2018,  Carter's United States Probation Officer issued a "Petition for Warrant or Summons for Offender Under Supervision." The Petition for Warrant asserted that Carter had violated Mandatory Condition No. 2 of his supervised release by committing new criminal conduct, namely the armed robbery and firearms offenses for which he had been arrested by state authorities on July 1, 2018.[5] The district court issued a warrant based on the allegations in the petition which served as a detainer while Carter remained in state custody with pending charges.[6]

On June 6, 2019, Carter was named in a one-count bill of information charging him with one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951.[7] After a writ of *habeas ad prosequendum* was issued to deliver Carter from the Calcasieu Correctional Center to federal court, Carter made an initial appearance as to the revocation of supervised

---

[3] Doc. 111 of Docket No. 6:10-cr-225.
[4] Doc. 140-1 of Docket No. 6:10-cr-225.
[5] Doc. 116 of Docket No. 6:10-cr-225.
[6] Docs. 118 and 140-1 of Docket No. 6:10-cr-225.
[7] Doc. 1, Docket No. 2:19-cr-184.

release on July 10, 2019.[8] At his appearance, (1) Carter was appointed counsel of the Office of the Federal Public Defender's, (2) Carter waived a preliminary examination hearing and detention hearing,[9] and (3) Carter made his initial appearance and arraignment as to the Hobbs Act robbery bill of information.[10]

On August 20, 2019,  the Magistrate Judge held a status conference; the Electronic Minutes noted that "Counsel has confirmed that defendant intends to waive his right to an indictment and will plead guilty at the Arraignment set for 9/10/2019 . . ."[11] Carter pleads guilty to the bill of information on September 10, 2019. Pursuant to his plea agreement, he admitted to committing the robbery and that he had violated the conditions of his supervised release on his 2011 conviction.[12]

The PSR in the robbery case recommended a total offense level of 29 and a Criminal History Category VI;[13] the advisory range was 151-188 months. In addition, the Disposition Report issued by the Probation Officer noted that Carter's advisory range upon revocation was 51-60 months if the court determined Carter, a Category VI offender, had committed armed robbery, a Grade A violation under U.S.S.G. § 7B1.(a)(1).[14]

---

[8] Docs. 119, 120, 126, 127 of Docket No. 6:10-cr-225.
[9] Doc. 125 of Docket No. 6:10-cr-225.
[10] Docs. 2 and 5, Docket No. 2:19-cr-184.
[11] Doc. 9, Docket No. 2:19-cr-184.
[12] Docs. 12 and 14, Docket No. 2:19-cr-184.
[13] Carter's Criminal History Category VI was the product of numerous prior felony convictions, at least four prior convictions for firearm-related offenses, and two drug offenses. PSR, ¶ ¶ 27-52, 69, Doc. 16, Docket No. 2:19-cr-184.
[14] Docs. 140-1, and 140-2, Docket No. 6:10-cr-225.

On December 19, 2019, this Court conducted a combined revocation and sentencing hearing on Carter's admitted violation of supervised release[15] and Hobbs Act robbery conviction.[16] The Court revoked Carter's supervised release and sentenced him to 36 months' imprisonment to run consecutively with Carter's Hobbs Act robbery sentence.[17] Carter was sentenced to 160 months imprisonment for the Hobbs Act robbery conviction; that sentence runs consecutively to the sentence imposed on the supervised release revocation.[18]

Carter appealed his sentence as to the revocation of supervised release; the United States Court of Appeals for the Fifth Circuit affirmed the sentence.[19]

## LAW AND ANALYSIS

Carter moves to vacate, set aside or correct his sentence pursuant to Section 2255 for ineffective assistance of counsel. Carter may present four (4) cognizable grounds as follows: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996). Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that

---

[15] Doc. 131, Docket No. 6:10-cr-225.
[16] Doc. 17, Docket No. 2:19-cr-184.
[17] Docs. 17 and 19, Docket No. 2:19-cr-184.
[18] Docs. 131 and 132, Docket No. 6:10-cr-225.
[19] Doc. 144 of Docket No. 6:10-cr-225.

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for determining ineffective assistance of counsel; a defendant must establish that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test).

As to the first prong, the court's scrutiny shall be "highly deferential," and the court must apply a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Strickland,* 466 U.S. at 668-689; *Valdez,* 973 F.3d at 404. "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter,* 562 U.S. 86, 110 (2011).

The "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. To establish prejudice, in the context of a guilty plea, a defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the defendant "would not have pleaded guilty and would have insisted on going to trial." *Valdez,* 973 F.3d at 403 (internal quotations and citations omitted).

Carter contends that his attorney was ineffective during the revocation proceedings. First, he complains that his attorney did not request that the revocation be held sooner noting that the warrant for the revocation was issued on July 3, 2018, but he did not appear in federal court until July 10, 2019.

To the extent that Carter might be raising a violation of the Speedy Trial Act, his claim has no merit as the Speedy Trial Act provisions do not apply to supervised release revocation matters.  *United States v. Nickerson*, 197 F.App'x 325, 326 (5th Cir. 2006) ("The Sixth Amendment right to a speedy trial is not applicable to revocation hearings."); *United States v. Tippens,* 39 F.3d 88, 89 (5th Cir. 1994) (holding that the right to speedy trial is not applicable to supervised release hearing because they are not considered criminal proceedings). Furthermore, the "right to a revocation hearing accrues once the warrant has been executed and the defendant has been taken into federal custody." *United States v. Nickerson,* 197 App'x 325, 326 (5th Cir. 2006).

Carter was in federal custody when the *writ of habeas ad prosequendum* was issued. Carter has not shown how he has been prejudiced.  He was in federal custody by July 10, 2019, [20] and he pleaded guilty to the bill of information and the violations of the conditions of supervised release on September 10, 2019.[21]

Carter appears to challenge the delay in the execution of the warrant for a violation of supervised release which is not subject to the Sixth Amendment's speedy trial

---

[20] Doc. 125 of Docket No. 6:10-cr-225; Docs. 2, 5 of Docket No. 2:19-cr-184.
[21] Docs. 12, 14 of Docket No. 2:19-cr-184.

requirement." *Tippens,* 39 F.3d at 90. Nevertheless, a delay in executing a warrant may have Fifth Amendment due process clause implications "if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence." *Id.*

Again, Carter has not indicated that he was prejudiced or that the delay "impair[ed] his ability to contest the revocation." *Id.* In *United States v. Napper*, 978 F.3d 118, 128, the Fifth Circuit stressed that the delay did not have due process implications because the defendant had pleaded guilty to the offense forming the basis of the revocation and also "pled true" to the government's motion "that the offense constituted a violation of his supervised release." Carter cannot show that the delay between July of 2018 and June of 2019 prejudiced him or affected his ability to present a defense particularly because he pleaded guilty to the Hobbs Act robbery forming the basis of the petition for revocation of supervised release and admitted to the violation of supervised release.

Carter appears to complain that his counsel was ineffective for not challenging the fact that he was incarcerated for almost one year without indictment. Carter was incarcerated on July 1, 2018 and charged by bill of information on June 6, 2019. Again, the Speedy Trial Act does not apply because Carter was in state custody, not federal custody.

"An individual is 'arrested' under the Speedy Trial Act only when he is 'taken into custody after a federal arrest for the purpose of responding to a federal charge.'" *United States v. De La Pena-Juarez*, 214 F.3d 594, 597, n. 6 (5th Cir. 2000) (quoting *United States*

*v Johnson*, 815 F.2d 309, 312 (5th Cir. 1987)). More significantly, Carter's counsel was not appointed to represent him in the state court matter, thus, he cannot be responsible for any delay at the state court level.

To the extent Carter asserts that his attorney's actions vitiated the voluntariness of the guilty plea, Carter's argument fails. Carter signed the plea agreement which declared that his plea was voluntary and that he was satisfied with the legal services provided by his attorney concerning the plea agreement.[22]   Carter also signed the Understanding of Maximum Penalty and Constitutional Rights which provides that his plea was voluntary.[23]

Carter complains that his counsel was ineffective for not advising him that he would be a career offender. The Government remarks that Carter's statements made at the time of the guilty plea contradict these allegations. The documents Carter signed at the time of the guilty plea advised that he faced a term of imprisonment of not more than twenty years for the Hobbs Act robbery and three (3) years for revocation of his supervised release.[24] Furthermore, the plea agreement provides that Carter had "discussed the Sentencing Guidelines and their applicability with his counsel, and understands and acknowledges that a final determination of the applicable guideline range cannot be made until the completion of the pre-sentence investigation."[25]

---

[22] Doc. 14, p. 5 of Docket No. 2:19-cr-184.
[23] Doc. 14-1 of Docket No. 2:19-cr-184.
[24] Doc. 14, p. 2 of Docket No. 2:19-cr-184; Doc. 14-1 of Docket NO. 2:19-cr-184.
[25] Doc. 14, p. 3 of Docket No. 2:19-cr-184.

The Government also remarks that Carter had been in federal court on at least two (2) previous occasions, and he was sentenced at the bottom of the recommendation in the PSR. The Court finds that Carter has failed to establish that his attorney was ineffective concerning his career offender status.

Next, Carter complains that his attorney was ineffective for failing to file a motion to dismiss the bill of information. Because Carter pleaded guilty to the bill of information, there was no indictment and no need to dismiss the bill of information to which he pleaded guilty.  Thus, Carter's complaint of ineffective counsel has no merit.

## **CONCLUSION**

For these reasons, the Motion to Vacate, Set Aside or Correct Sentence is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of February, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**